OPINION
{¶ 1} Defendant-appellant Prime Time Marketing Management, Inc., dba UCC TotalHome of Dayton (hereinafter "TotalHome"), appeals from a summary judgment rendered against it and in favor of plaintiffs-appellees Donald and Wanda Knoth on their claim for damages under the Ohio Consumer Sales Practices Act, R.C.1345.09(B). TotalHome contends that there are genuine issues of material fact, precluding summary judgment.
 {¶ 2} We conclude that TotalHome has not identified any material fact that is in issue, because its undisputed conduct violates OAC 109:4-3-09, a regulation of the Ohio Attorney General defining a deceptive consumer sales practice, adopted pursuant to R.C. 1345.05(B), which constitutes an actionable violation of R.C. 1345.09(B). Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} TotalHome sells memberships to individuals who may order furniture through TotalHome. The Knoths, who were members, ordered a set of Natuzzi furniture, manufactured in Italy, through TotalHome, and paid TotalHome $4,918.65, the entire purchase price, on April 19, 2000. TotalHome claims that the Knoths cancelled this order on July 25, 2000, which is more than eight weeks after they placed their order and paid the purchase price. In any event, if there was a request to cancel the order, it was later rescinded. On December 26, 2000, the Knoths requested a refund of their money, which TotalHome refused. This lawsuit followed.
 {¶ 4} In their complaint, the Knoths set forth causes of action for breach of contract, fraudulent misrepresentation, unconscionable membership contract, and violations of Ohio's Consumer Sales Practices Act. TotalHome denied liability and counterclaimed for breach of contract and unjust enrichment.
 {¶ 5} In 2002, the Knoths were awarded summary judgment. Actual damages had been stipulated to be $4,918.65. The trial court awarded treble damages, in the amount of $14,755.95, and attorneys fees, in the amount of $14,715.00.
 {¶ 6} TotalHome appealed. We affirmed the summary judgment awarded the Knoths on their breach of contract claim, and we affirmed the dismissal of TotalHome's counterclaims, but reversed the summary judgment awarded the Knoths on their Ohio Consumer Sales Practices Act claim, concluding that there was a genuine issue of material fact as to that claim. Knoth v. Prime TimeMarketing Management, Inc., dba UCC TotalHome (May 14, 2004), Montgomery App. No. 20021.
 {¶ 7} Upon remand, and after the taking of a number of depositions, the Knoths again moved for summary judgment on their Ohio Consumer Sales Practices Act claim, this time citing OAC 109:4-3-09, a regulation of the Ohio Attorney General defining a particular deceptive consumer sales practice, under authority granted by R.C. 1345.05(B). That regulation had not been cited in connection with the Knoths' earlier motion for summary judgment, or in our decision reversing that summary judgment.
 {¶ 8} The trial court rendered summary judgment in favor of the Knoths on their most recent motion for summary judgment. TotalHome appeals from that judgment.
 II {¶ 9} TotalHome's sole assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN SUSTAINING PLAINTIFFS/APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 11} TotalHome contends that there are genuine issues of material fact, precluding summary judgment for the Knoths on their claim against TotalHome under the Ohio Consumer Sales Practices Act.
 {¶ 12} In its decision sustaining the Knoths' motion for summary judgment, the trial court held:
 {¶ 13} "The Court finds there are no genuine issues of material fact that as a supplier of goods, the Defendants acted deceptively in connection with a consumer transaction in violation of Ohio Administrative Code 109:4-3-09 and the Ohio Consumer Sales Protection [sic] Act, after accepting payment from the Plaintiffs and after an eight week time period of non-delivery elapsed, failing to:
 {¶ 14} "(a) make shipment or delivery of the goods ordered;
 {¶ 15} "(b) make a full refund[;]
 {¶ 16} "(c) advise the Plaintiffs of the duration of an extended delay and offer to send them a refund within two weeks upon Plaintiffs' December, 2000 request for refund; or
 {¶ 17} "(d) furnish similar goods of equal or greater value as a good faith substitute."
 {¶ 18} OAC 109:4-3-09, upon which the trial court correctly relied, provides as follows:
 {¶ 19} "(A) It shall be a deceptive act or practice in connection with a consumer transaction for a supplier:
 {¶ 20} "(1) * * *;
 {¶ 21} "(2) To accept money from a consumer for goods or services ordered by mail, telephone, or otherwise and then permit eight weeks to elapse without:
 {¶ 22} "(a) Making shipment or delivery of the goods or services ordered;
 {¶ 23} "(b) Making a full refund;
 {¶ 24} "(c) Advising the consumer of the duration of an extended delay and offering to send the consumer a refund within two weeks if the consumer so requests; or
 {¶ 25} "(d) Furnishing similar goods or services of equal or greater value as a good faith substitute if the consumer agrees."
 {¶ 26} There is no dispute that TotalHome accepted money — the full purchase price for the Natuzzi furniture, on April 19, 2000. There is no dispute that after eight weeks had elapsed, on June 14, 2000: (1) the furniture had not been shipped or delivered; (2) a full refund had not been made; (3) TotalHome had not offered to send the Knoths a refund within two weeks if they should so request; and (4) similar furniture of equal or greater value had not been provided as a good faith substitute with the agreement of the Knoths. There is, then, no genuine issue as to any material fact.
 {¶ 27} TotalHome first argues that it is not a seller of goods, so that OAC 109:4-3-09 does not apply to it. R.C.1345.01(C) defines a "supplier" as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the persondeals directly with the consumer." (Emphasis added.) The italicized portion of the statutory definition leaves no doubt of the General Assembly's intent to include within the scope of the Consumer Sales Practices Act an entity, like TotalHome, that takes orders for goods from consumers, and also accepts payment of the money comprising the purchase price.
 {¶ 28} Furthermore, we see nothing inequitable in including an entity like TotalHome within the scope of the Act. TotalHome recites in its brief that it "is a franchise of a national organization which allows its members the opportunity to purchase goods directly from the manufacturers of such goods at the manufacturer's and supplier's wholesale costs." The Knoths paid a substantial fee to become members, presumably so that they could benefit from TotalHome's increased leverage with manufacturers, like the manufacturer of the Natuzzi furniture. That increased leverage gives TotalHome more influence than the Knoths, as individual consumers, would have over the manufacturer's shipping schedules. TotalHome, having marketed its increased leverage for profit, now wishes to disown the fact that it enjoys greater leverage with manufacturers. In any event, TotalHome is clearly a "supplier" within the contemplation of the Act, and is therefore subject to the terms of the Act, and the regulations adopted pursuant to the Act.
 {¶ 29} TotalHome argues that the Knoths were advised, via written disclaimers, that it had no control over the actual date of delivery of the furniture it ordered. This seems to be an argument that because TotalHome had disclosed that it could not assure timely delivery, its violation of OAC 109:4-3-09 lacks scienter. Scienter is not an element of a cause of action under the Ohio Consumer Sales Practices Act. Janos v. Murdock (1996),109 Ohio App.3d 583, 590.
 {¶ 30} Finally, TotalHome argues that its evidence creates an issue of fact as to whether the Knoths cancelled their order on July 25, 2000, as a result of which, their order went to the bottom of the manufacturer's queue when it was later renewed. This is immaterial, since July 25, 2000, was well after June 14, 2000, at which date eight weeks had elapsed from the time that the Knoths placed their order and paid the purchase price, and there is no dispute that none of the acts required of a supplier by OAC:4-3-09 after the passage of eight weeks had occurred by that time.
 {¶ 31} The trial court correctly determined that there is no genuine issue of material fact, and that the Knoths are entitled to judgment, as a matter of law, on their Ohio Consumer Sales Practices Act claim. TotalHome's sole assignment of error is overruled.
 III {¶ 32} TotalHome's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Grady, P.J., and Donovan, J. concur.